IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL BOETTLIN, JR.,** Petitioner | : CIVIL ACTION : : |
| V. | : NO. 08-2261 : |
| **PAUL K. SMEAL, ET AL.,** Respondents | : : : |

MEMORANDUM AND ORDER

Presently pending before this court is petitioner's Motion to Appoint Counsel in this habeas corpus action (Doc. No. 4).

There is no automatic constitutional right to counsel in a federal habeas corpus proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person seeking federal habeas relief. 18 U.S.C. § 3006A(a)(2) (2004). Applying the "interests of justice" standard, the court may consider if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors to be considered are the complexity of the legal and factual issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. *Reese*, 946 F.2d at 263.

Petitioner's claims in this matter are clearly and concisely set forth in both his petition for Writ of Habeas Corpus and supporting memorandum of law (Doc. No. 1). Petitioner's filings in this action have demonstrated sufficient ability to present his claims and arguments without the

assistance of court-appointed counsel. *See Brown v. DiGuglielmo*, 2007 WL 4242266 at *1 n. 1 (E.D. Pa.); *Stocklin v. Klem*, 2004 WL 1535790, at *7 (E.D. Pa.); *Kim v. Klem*, 2003 WL 22204549, at *12 n. 15 (E.D. Pa.).

AND NOW, this   16TH   day of   July  , 2008, petitioner's motion for appointment of counsel (Doc. No. 4) is DENIED.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE